UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CINDY M. INGRAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )   Case No.  07-2157 |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| **sued as Michael J. Astrue,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#26).  Plaintiff seeks an award of fees plus costs totaling $5,375.  Defendant has filed written opposition.

Clearly, Plaintiff is a prevailing party.  She has submitted documentation regarding the reasonableness of the hourly rate claimed and the time expended.  Defendant does not challenge the hours expended or the rate.  The Court has reviewed Plaintiff's submission and found both the time expended and the hourly rate reasonable.

The contested issue is whether the position of the United States was substantially justified.  Plaintiff argues that it was not and that fees are therefore properly awarded.  Defendant asserts that Plaintiff's request for fees, "should be denied because, not withstanding this Court's position[1] that the Agency's decision lacked substantial evidence, its actions have been *substantially justified* throughout both the administrative and judicial stages of this matter." (Def's Response #27, p. 2.).

The Court has authority to award to a prevailing party, other than the United States, any fees and other expenses, unless the court finds the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A).  The government has the burden of proving its position was

---

[1]The Court assumes the reference is to the Court's decision and ruling in this case.

substantially justified. To establish justification, the government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006). The Seventh Circuit has stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Furthermore, something is "substantially justified if there is a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala*, 12 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce*, 487 U.S. at 566).

This case was remanded primarily because the ALJ relied on the physical RFC assessment performed by state-agency reviewer Dr. Bilinsky which considered evidence up to July 29, 2005, but did not consider evidence of both new conditions and exacerbation of existing conditions which was contained in treatment notes from November 2005 and December 2006.[2] Additionally, two of Plaintiff's treating doctors evaluated her functional limitations in March and April 2006. Those were not taken into account by the ALJ in formulating his RFC.[3] The

---

[2]The record includes a significant amount of medical evidence that became available after July and October 2005. The Court has reviewed the record and notes that this evidence includes discussion of new problems (for example, Drs. Lenardo and Frank Lee treated Plaintiff for ankle pain in December 2006) as well as exacerbation of ongoing impairments (for example, Dr. Michael Akerman discussed an "exacerbation of COPD" and asthma in November 2005). In addition, Drs. Sheikh and Lenardo evaluated Plaintiff's functional limitations in March and April 2006. In this case, because of the significant amount of medical evidence that became available after Dr. Bilinsky completed her report, the Court agrees that the ALJ erred by relying on Dr. Bilinsky's RFC assessment as the basis for his RFC determination. (Report and Recommendation #22, p. 10.)

[3]Furthermore, the ALJ stated that he gave the opinions of Drs. Sheikh and Lenardo regarding Plaintiff's functional limitations less than controlling weight because they were inconsistent with treatment records and other treating doctor's opinions, including the opinions of Drs. Bhuptani and Hancock. The ALJ specifically referred to work release notes from Dr. Bhuptani dated July 1, 2005 (R. 228), and from Dr. Hancock dated July 5, 2005 (R. 249).

Commissioner correctly argues that Dr. Bilinsky's assessment was performed at a time in which Plaintiff was alleged to be disabled, and thus is both probative and relevant. However, the error in the ALJ's RFC formulation was not that Dr. Bilinsky's assessment was flawed at the time that it was made, but rather that further important evidence became available after Dr. Bilinsky's assessment, which must be taken into consideration by the ALJ in formulating Plaintiff's RFC. An ALJ may not consider only the evidence that favors his ultimate conclusion. *Smith v. Apfel*, 231 F.3d 433, 438 (7th Cir. 2000). Similarly, the ALJ declined to give the 2006 opinions of treating Drs. Sheikh and Lenardo controlling weight because they were inconsistent with work release notes from other doctors in July 2005. However, the further development of the evidence of Plaintiff's conditions after 2005 would suggest that these doctors' opinions were not in conflict, but simply described the state of Plaintiff's changing conditions at two different times.

The Court found that the ALJ did not properly consider important evidence. This is more than merely failing to properly articulate reasoning. The ALJ cannot ignore evidence. The error was significant and fundamental. The ALJ was not substantially justified in ignoring the evidence. The Defendant was not substantially justified in pursuing its attempts to justify the action of the ALJ. Its conduct herein is not substantially justified and fees are properly awarded.

Accordingly, I recommend pursuant to my authority under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#26)** be **GRANTED** and fees and costs be awarded in the amount of $5,300.75.

---

While these notes may have accurately indicated Plaintiff's condition in July 2005, in light of the amount of medical evidence accumulated between July 2005 and the completion of the functional capacity evaluations by Drs. Lenardo and Sheikh, the Court concludes that those notes do not provide an adequate basis for discrediting the opinions of Drs. Lenardo and Sheikh. An ALJ may not consider only the evidence that favors his ultimate conclusion. *Smith v. Apfel*, 231 F.3d 433, 438 (7th Cir. 2000). For these reasons, the Court recommends granting Plaintiff's motion for remand. (Report and Recommendation #22, p. 10-11.)

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 20th day of October, 2009.

                                                              s/ DAVID G. BERNTHAL
                                                              U.S. MAGISTRATE JUDGE